09 CV 10099

**DeORCHIS & PARTNERS, LLP**
61 Broadway, 19th Floor
New York, New York 10006-2802
(212) 344-4700

RECEIVED
DEC 10 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Attorneys for Plaintiffs
ZIM INTEGRATED SHIPPING SERVICES
LTD. and ZIM DO BRASIL LTDA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZIM INTEGRATED SHIPPING SERVICES LTD.
and ZIM DO BRASIL LTDA.,

                  Plaintiffs,

    -against-

PPG INDUSTRIES, INC.,

                  Defendant.
-------------------------------------------------------------X

___ Civ. _____

**COMPLAINT**

      Plaintiffs Zim Integrated Shipping Services Ltd. and Zim Do Brasil Ltda. (hereafter "Zim") by and through their attorneys, DeOrchis & Partners, LLP, hereby brings the following Complaint in Admiralty and alleges upon information and belief as follows:

      1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    In the alternative, this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2) for the reasons set forth herein.

      3.    Zim was at all times material hereto a foreign corporation with its principal place of business at 7-9 Pal-Yam, Haifa 31016, Israel.

4.    Defendant, PPG Industries, Inc. (hereafter "PPG"), was at' all times material hereto a Pennsylvania corporation with its principal place of business at One PPG Place, Pittsburgh, Pennsylvania.

5.    The amount in controversy exceeds $75,000, exclusive of costs and interest.

6.    Supplemental subject matter jurisdiction is also available, in the alternative, pursuant to 28 U.S.C. §1368.

7.    On November 9, 1998, a fire and explosion occurred aboard the DG HARMONY when the vessel was off the coast of Brazil, causing substantial damage to cargo and containers carried on the vessel, and rendering the vessel a constructive total loss.

8.    The explosion and fire aboard the DG HARMONY originated in a cargo of calcium hypochlorite hydrated which was manufactured and shipped onboard the DG HARMONY by PPG.

9.    Zim was one of several members of a carrier alliance who were slot charterers of the DG HARMONY and had chartered space aboard the DG HARMONY to carry cargo in shipping containers under Zim bills of lading.

10.    Various lawsuits were filed in the United States District Court for the Southern District of New York by the owners (and/or subrogated insurers) of cargo shipped aboard the DG HARMONY against Zim and other defendants seeking recovery for the damage to their cargo.

11.    All of the foregoing suits were consolidated for purposes of discovery and trial under docket number Civil Action No. 98-Civ-8394 (DC).

12.    In addition to the foregoing suits brought against Zim in the Southern District of New York, Zim was also sued by owners (and/or their subrogated underwriters) of cargo damaged by the fire onboard the DG HARMONY in a number of actions in various South American countries, as set forth in detail *infra*.

13.    Zim filed and served Answers to the consolidated Complaints, Amended Complaints, Third-Party Complaints, Cross-claims, and Counterclaims in Civil Action NO. 98-civ-8394, denying all material allegations.

14.    Zim's Answers included counterclaims and crossclaims against PPG seeking indemnity and contribution for all claims asserted against Zim in the consolidated actions in this Court, as well as all claims filed against Zim in jurisdictions outside of the United States.  Zim incorporates herein by reference the averments of said counterclaims and crossclaims against PPG.

15.    Zim's counterclaims and crossclaims against PPG included a demand for counsel fees, expenses, interest, costs, and such other relief as the Court deemed appropriate under the circumstances.

16.    Zim was named as a defendant in lawsuits in South America (hereafter the "South American lawsuits") for shipments under the bills of lading listed below:

      a.  CLAIMS FILED IN ARGENTINA

         i.  B/L ZIMUNYC129253

      b.  CLAIMS FILED IN URUGUAY

         i.  B/L ZIMUMIA20408

      c.  CLAIMS FILED IN BRAZIL

     i.  B/L ZIMUTRT43522, B/L ZIMUTRT43540, B/L

         ZIMUCHI7608, B/L ZIM BAL12047, B/L ZIMUSAV77590,

         B/L ZIMUSAV77857and B/L ZIMUBAL12045

     ii.  B/L ZIMUMIAMI20393

   iii.  B/L ZIMUSA77856

17.    Zim paid the following settlements or judgments of the South American lawsuits, and Zim has paid said settlements, along with the following amounts in attorneys' fees and costs to its South American counsel.

    a.  <u>CLAIMS FILED IN ARGENTINA</u>

        i.  Settlement: US$14,500.00; Attorneys' Fees and Costs: US$2,144.00

    b.  <u>CLAIMS FILED IN URUGUAY</u>

        i.  Judgment: US$73,404.00 plus Attorneys' Fees and Costs to be determined

    c.  <u>CLAIMS FILED IN BRAZIL</u>[1]

        i.  Settlement: US$372,125.00; Attorneys' Fees and Costs: US$3,004.69

       ii.  Settlement: US$314,875.00; Attorneys' Fees and Costs: $2,185.99

      iii.  Settlement: US$18,794.55 plus Attorneys' Fees and Costs to be determined

---

[1]    Certain Brazilian settlements and invoices were paid in Brazilian Reals (R$). For the sake of convenience, and in accordance with NY CLS *Jud* § 27, Zim has converted any amounts paid in R$ into U.S. Dollars at the exchange rate in effect on November 30, 2009 and consolidated all invoices.

18. The above settlements, judgments and attorneys' fees and costs add up to a total of $801,033.23, as near as can now be calculated, based on the exchange rate in effect on November 30, 2009.

19. Zim has paid in excess of $25,000.00, as nearly as can now be estimated, in additional attorneys' fees and costs for its defense in the South American lawsuits, including attorneys' fees and costs in New York for investigation and case development which can be attributed to defense of the South American lawsuits.

20. PPG refused to take over Zim's defense, and refused to indemnify Zim for said lawsuits.

21. In *In Re DG HARMONY,* 533 F. 3d 83 (2d Cir. 2008), the Second Circuit Court of Appeals held that: (1) the fire aboard the *DG HARMONY* was caused due to an explosion in one of PPG's cal-hypo containers, (2) PPG's cal-hypo was unreasonably dangerous in the configuration I which it was shipped; and (3) PPG negligently failed to warn of the dangerous nature of its cargo.

22. The Second Circuit Court of Appeals remanded this matter to this Court for a determination whether, if PPG had provided the carriers with adequate warnings of the danger of its cargo of cal-hypo in the configuration in which it was shipped, the carrier defendants would have heeded that warning and would have made stowage or carriage decisions such that the cargo did not explode. *In Re DG HARMONY*, 533 F.3d 83 (2d Cir. 2008).

23. On September 30, 2009, this Court held on remand that the carrier defendants would have heeded an adequate warning from PPG if it had been given.

24.    On September 30, 2009, this court also held that PPG was 100% responsible for the November 9, 1998 explosion aboard the DG HARMONY and all resulting damage and losses.

25.    This Court previously held in response to a motion for summary judgment with respect to Zim's South American claims that PPG was 100% liable for the loss of the DG HARMONY and all cargo on board, and that Zim was 0% at fault. *In re M/V DG HARMONY*, 2007 U.S. Dist. LEXIS 23176, at 5 (S.D.N.Y. March 16, 2007.)

26.    *In re DG HARMONY*, No. 98 Civ. 8394 (DC), 2006 WL 3821851 (S.D.N.Y. Dec. 29, 2006) this Court denied as a matter of law PPG's cross motion or summary judgment with respect to Zim's indemnity claims for the South American lawsuits, stating "[i]f the Movants indeed are vicariously liable to the South American interests – without fault or wrongdoing – then they are entitled to indemnification from the "primary" or "true" wrongdoer.

27.    Because this Court has held that PPG is 100% liable for the fire aboard the DG HARMONY, and because there was a potential that Zim would be held vicariously liable to the South American cargo plaintiffs, Zim is entitled to be fully indemnified by PPG for all amounts paid by Zim in settling the South American lawsuits, including the counsel fees and expenses Zim incurred in defending the South American lawsuits.

28.    Zim is entitled to full tort indemnity under the general maritime law from PPG for all settlements in the South American lawsuits, together with the attorneys' fees and costs incurred in the defense of those actions.

29.    Any liability which was asserted against Zim in the South American lawsuits was vicarious liability due to the negligence and failure to warn of PPG.

WHEREFORE, Zim demands judgment in its favor and against PPG, holding that:

(1)     PPG is liable to Zim in the amount of US$801,033.23 paid by Zim in connection with the settlement of the South American lawsuits; and

(2)     PPG is liable to Zim for attorneys' fees and costs in an amount in excess of $25,000.00 incurred by Zim in the defense of the South American lawsuits, together with interest thereon and all other relief the Court deems proper under the circumstances.

Dated: New York, New York
           December 10, 2009

                              DeORCHIS & PARTNERS, LLP
                              Attorneys for Plaintiffs
                              Zim Integrated Shipping Services Ltd. and
                              Zim Do Brasil Ltda.

                              By:
                                   Vincent M. DeOrchis (VMD-6515)
                                   vdeorchis@marinelex.com
                                   61 Broadway, 19th Floor
                                   New York, New York 10006-2802
                                   Tel:  212-344-4700
                                   Our File:  2486-1